UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| TERESA CEDRECA EDWARDS, ) | Case No. 16-41174-659 |
| ) | Chief Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| TERESA CEDRECA EDWARDS, ) | **Adversary No. 16-4048-659** |
| ) | |
| ) | **PUBLISHED** |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| THE CITY OF FERGUSON, ) | |
| A Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matters before the Court are Plaintiff's Motion for Summary Judgment, Plaintiff's Brief in Support of the Motion for Summary Judgment and Exhibits including Teresa Cedreca Edwards' Affidavit in Support of Motion for Summary Judgment, Plaintiff's Statement of Material Facts, Defendant City of Ferguson's Motion for Summary Judgment, Defendant City of Ferguson's Memorandum in Support of its Motion for Summary Judgment, Defendant City of Ferguson's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, Declaration of Christine Lanfersieck in Support of Defendant City of Ferguson's Motion for Summary Judgment, Plaintiff's Response Brief to Defendant's Motion for Summary Judgment, Defendant City of Ferguson's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, Plaintiff's Reply to Defendant's Response Concerning Plaintiff's Motion for Summary Judgment, Defendant City of Ferguson's Reply to [sic] in Support of its Motion for Summary Judgment, Plaintiff's Supplemental Brief in Support of Plaintiff's Motion for Summary Judgment and Defendant City of Ferguson's Reply to Plaintiff's Supplemental Brief in Support of Her Motion for

Summary Judgment. A hearing was held on the matters on January 24, 2017, at which both parties presented oral argument and the matter was taken under submission. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

On April 16, 2010, the City of Ferguson (hereinafter "Defendant") issued Teresa Cedreca Edwards (hereinafter "Debtor") a Uniform Citation for driving thirty-nine miles per hour in a twenty-five miles per hour school zone. The Uniform Citation set a court date on the traffic citation of May 20, 2010. Debtor failed to appear for this court date. Defendant's Court Case Report indicates that on May 20, 2010 a suspension notice was sent to Debtor. *See* Doc. 38-3, Page 2 of Ex. A to Ex. 1. Defendant issued a warrant for Debtor's arrest on June 18, 2010. On March 26, 2015, Debtor was arrested and released on her own recognizance. A new court date was set for May 7, 2015. Debtor appeared for the court date on May 7, 2015, pled guilty to speeding in a school zone and agreed to pay a fine of $149.00 *Id*. However, Debtor never paid the fine. On July 15, 2015, Defendant re-issued the warrant for Debtor's arrest. Defendant also notified the appropriate Missouri entities that the fine was outstanding, which Debtor contends is impeding her ability to renew her driver's license. Defendant has not taken any action to enforce the warrant nor collect the fine since the re-issuance of the warrant on July 15, 2015.

Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on February 24, 2016. Defendant was listed as a creditor in Debtor's Schedules. On February 25, 2016, Debtor's counsel also sent notice of the bankruptcy filing to Defendant's Municipal Court along with a letter requesting release of the warrant for Debtor's arrest and issuance of a compliance letter to reinstate Debtor's driver's license. Defendant's Municipal Prosecutor, Stephanie Karr, responded to Debtor's counsel's letter via electronic mail on February 26, 2016 and informed Debtor's counsel that the Municipal Judge has the authority to issue and recall warrants and suggested that Debtor's counsel enter an appearance and file the appropriate motion with the Ferguson Municipal Court to have the warrant recalled. Debtor's counsel then replied via electronic mail on March 1, 2016, indicating that

the parties had reached an impasse, that they would not be entering their appearance in the Ferguson Municipal Court and would be filing a law suit against Defendant in Bankruptcy Court for willful violation of the automatic stay. Debtor's counsel did not request relief from the Ferguson Municipal Court. Debtor filed this adversary proceeding against Defendant on April 20, 2016.

Debtor argues that Defendant has willfully violated that automatic stay by refusing to release the warrant for Debtor's arrest and release Debtor's driver's licenses without payment of the fine. Debtor also argues that Debtor is insolvent and unable to pay the fine, thus, Defendant is discriminating unfairly against Debtor due to her bankruptcy filing and seeking to deny Debtor a fresh start. Debtor is seeking actual damages, attorneys' fees and punitive damages.

Defendant argues that failure to renew driver's license does not violate that automatic stay and is an exception pursuant to 11 U.S.C. §362(b)(2)(D). Defendant argues that failure to release an arrest warrant does not violate that automatic stay because the warrant was in effect prior to the bankruptcy filing so the warrant does not alter the status quo.  Defendant also argues that failure to renew Debtor's driver's licenses does not constitute discrimination under 11 U.S.C. §525(a).

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §151, 157, and 1334 and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) (2016). Venue is proper in this District under 28 U.S.C. §1409(a) (2016).

## CONCLUSIONS OF LAW

Under Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable under Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,322,106 S. Ct. 2548, 2550, 91 L.Ed. 2d. 265,273 (1986). The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Id.* at 323. Once the movant carries its burden, the burden shifts to the non-movant. *Id.* In ruling on a motion for summary judgment, a court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F. 2d 622, 624 (8th Cir. 1989)(citing *Trnka v. Elanco Prods. Co.*, 709 F. 2d 1223, 1224-25 (8th Cir. 1983)).

**<u>Count I – Violation of 11 U.S.C. §362(a)(1), 11 U.S.C. §362(a)(6) and 11 U.S.C. §362(k)(1) – Willfull Violation of the Automatic Stay for Failure to Lift the Warrant and Issue a Compliance Letter</u>**

The facts of this case are not in dispute. The point of contention between the parties relates to whether the facts fit the alleged violations of the automatic stay. Debtor argues that Defendant willfully violated the automatic stay provisions of Sections 362(a)(1) and (a)(6) of the Bankruptcy Code. Section 362(a) states, "[a] petition filed under section 301, 302, or 303 of this title… operates as a stay, applicable to all entities of (1) the commencement or continuation, including the issuance or employment of process of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. Debtor argues that Defendant violated Sections 362(a)(1) and 362(a)(6) by refusing to release the warrant for Debtor's arrest and refusing to reinstate Debtor's driver's license due to nonpayment of a traffic fine. Debtor further argues that Defendant's inaction towards Debtor's requests is an attempt to collect a debt.

Defendant's response to Debtor's demand letter does not continue a proceeding that violates Section 362(a)(1). Debtor's license has been suspended since 2015 and may have been suspended earlier; and the warrant for Debtor's arrest has been active since 2015. Defendant has

not taken any action to collect the fine nor enforce the warrant since its re-issuance in 2015. Debtor filed bankruptcy in 2016. Therefore, all actions by Defendant occurred pre-petition. While sending notice of Debtor's bankruptcy filing to Defendant's Municipal Court, Debtor's counsel also sent a letter to demand the re-issuance of Debtor's driver's license. Defendant's Municipal Prosecutor responded to the letter stating that the Municipal Judge has authority to release the warrant, and suggested that Debtor's attorney enter an appearance in Municipal Court to request release of the warrant. Ms. Stephanie Karr, Municipal Prosecutor for Defendant, stated:

> You have requested the recall of a warrant. The Municipal Judge has the authority to issue warrants and to recall warrants. I suggest that you enter an appearance for Ms. Edwards and file an appropriate motion and notice of hearing at the Municipal Court. The Judge will then make the appropriate determination and enter the appropriate order with regard to the warrant.[1]

Ms. Karr further states the dates and time in which the Municipal Court will be in session and case law in support of an active warrant not violating an automatic stay. Defendant did not institute a post-petition proceeding concerning the warrant, it only suggested one. Suggesting a proceeding is not the commencement nor continuance of a proceeding that violates §362(a)(1).

Debtor also argues that Defendant's refusal to reinstate her driver's license is an act to collect a debt in violation of Section 362(a)(6). Defendant argues that failure to renew a driver's license and failure to extinguish an existing warrant do not violate the automatic stay. Defendant's refusal to reinstate license and lift warrant is not a violation of Section 362(a)(6). The actions of Defendant are merely a response to a request rather than an active attempt to collect a debt. Debtor has not submitted any evidence of Defendant actively trying to collect the unpaid fine (i.e. collection letters) nor Defendant telling Debtor to pay the fine in its response since the filing of the bankruptcy petition. Debtor's status as a debtor under Title 11 coupled with her demand to reinstate a suspended license does not automatically entitle her to reinstatement of the license.

---

[1] Debtor's Complaint, Exhibit C.

-5-

"The mere fact that the debtor proposes to pay his fines through his chapter 13 plan does not cure his previous acts nor operate to lift the suspension of a license that was revoked….." *In re Kimsey,* 263 B.R. 244, 248 (Bankr. E.D. Ark, 2001). "[A] driver's license, being a privilege, is not property of the estate and, thus, failure to reinstate a license is not exercise of control over property of the estate." *Id.* at 246 (citing *In re Geiger*, 143 B.R. 30 (E.D. Pa. 1992). The automatic stay is not a discharge releasing the debtor from the obligation of paying the fine. The obligation still stands. Debtor's driver's license was validly suspended for her failure to abide by the traffic laws. "[T]here is no requirement in the Bankruptcy Code, including section 362, that a governmental unit reinstate the privilege to operate a motor vehicle simply because the individual later filed a bankruptcy case." Id. at 246.  This Court finds that Defendant is entitled to judgment as a matter of law on Count I.

**<u>Section 466(a)(16) of Social Security Act</u>**

Although, Defendant correctly argues that its response to Debtor's demand does not constitute a violation of the automatic stay provision, in the alternative, Defendant argues that it meets an exception from the provision.  Section 362(b)(2)(D) states "The filing of a petition under 301, 302, or 303… does not operate as a stay…of the withholding, suspension, or restriction of a driver's license, a professional or occupational license, or a recreational license under State law, as specified in Section 466(a)(16) of the Social Security Act." Defendant misapplied this statute to this case. Section 466(a)(16) of the Social Security Act pertains to authority to withhold, suspend, or restrict licenses of individuals owing overdue child support or failing to comply with warrants relating to paternity or child support. Defendant did not decline to reinstate Debtor's driver's license for reasons associated with Section 466(a)(16), therefore Defendant does not meet this exception from  the automatic stay.

**<u>Count II – Violation of 11 U.S.C. §525(a) – Protection from Discriminatory Treatment while in Bankruptcy for Failing to Issue a Compliance Letter</u>**

Debtor also argues that the rationale behind the refused reinstatement of her driver's license is discrimination, which is prohibited by Section 525(a) of the Bankruptcy Code. Defendant argues that the continued suspension of driver's license does not constitute discrimination because Defendant is enforcing a traffic law, which permits suspension of driving privileges as a penalty, not treating Debtor differently because of her status. Section 525(a) states, "a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to … a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act….." In regards to Debtor's pre-petition driver's license suspension, she argues that she was discriminated against because she was insolvent at the time. Debtor provides no evidence of her insolvent status from 2010, to when the warrant was re-issued for nonpayment of the fine in 2015. Debtor argues that it was apparent that she was insolvent because she did not pay the fine. Evidence contrary to Debtor's insolvency argument is her appearance at a hearing in 2015, in which she admitted to speeding in a school zone and agreed to pay the fine. Clear evidence of Debtor's insolvency did not appear until the filing of her bankruptcy petition in February 2016.

Discrimination is present when a governmental unit engages in a prohibited action against an individual *solely* because she is a debtor under Title 11 or insolvent before commencement of the case. *See In re Smith*, 259 B.R. 901, 905 (B.A.P. 8th Cir. 2001). The decision to suspend Debtor's driver's license was made before Debtor filed for bankruptcy, therefore this decision could not constitute discrimination under §525(a). Defendant's post-petition decision not to reinstate the driver's license also does not constitute discrimination under §525(a) because an unpaid fine is the rationale behind the decision—and has been since 2010. Section 525 does not operate to cure Debtor's traffic violations, including Debtor's failure to comply with the criminal sentences imposed upon her and does not require Defendant to reinstate the privilege of a driver's license. Id. at 248.

Any person, debtor or not, would not have their driver's license reinstated unless their fine is paid. Debtor has not been treated any differently than non-debtors in the same situation. Defendant is not refusing to reinstate Debtor's driver's license because she filed bankruptcy, but because Defendant seeks to enforce the traffic laws which allow for suspension of driving privileges when fines are not paid. "Section 525(a) is not intended to shield a debtor from responsibilities under the traffic laws of other government obligations." Id. at 248. Defendant validly suspended Debtor's license pre-petition thus Defendant is not required to now reinstate Debtor's driver's license. The Court finds that Defendant is entitled to judgment as a matter of law on Count II.

**Damages**

Debtor alleges that actual damages, including attorney's fees and costs, are owed for Defendant's willful acts. This Court finds no willful violation of the automatic stay provisions of §362(a)(1) and (a)(6), therefore, Debtor will not be awarded any actual damages.

Debtor additionally alleges that she is entitled to punitive damages under Section 362(k)(1) which states, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." "A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition" *In re Knaus*, 889 F. 2d 773, 775 (8th Cir. 1989)(citing *In re Aponte*, 82 B.R. 738,742 (Bankr. E.D. Pa. 1988)). " An award of punitive damages under §362(k) requires not only a willful violation of the automatic stay, but also a finding of 'appropriate circumstances'". *Id* at 776. Defendant argues that Debtor has not pled, nor can Debtor prove, conduct which would entitle Debtor to punitive damages. Debtor argues that the refusal to reinstate her driver's license after receiving notice of her bankruptcy is a willful violation of the automatic stay. Debtor also argues that the active status of the warrant during her bankruptcy case is an egregious act on the part of Defendant.

The Court finds that Defendant did not willfully violate the automatic stay because Debtor's driver's license was already suspended at the time of the filing. No reinstatement is owed to Debtor under these circumstances. A bankruptcy filing does not act as a discharge for unpaid fines. Although the warrant is active, it is not being enforced by Defendant. This Court finds, in conjunction with no willful violation of the automatic stay, that this situation lacks the egregious nature that warrants punitive damages, therefore Debtor will not be awarded punitive damages.

By separate order, Defendant's Motion for Summary Judgment will be granted and Debtor's Motion for Summary Judgment will be denied.

_Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: November 7, 2018
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Michael J. Watton
Watton Law Group
301 West Wisconsin Avenue-5th Floor
Milwaukee, WI 53203

Joel O. Christensen
Behr, McCarter & Potter, P.C.
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO 63105

Teresa Cedreca Edwards
2201 Woodson Road
St. Louis, MO 63114

The City of Ferguson
a municipal corporation
Ferguson City Hall
110 Church Street
Ferguson, MO 63135